CHAD DAVIS,

                        Plaintiff,

v.                                              Case No. 17-cv-256-pp

LORI DOHELING,

                        Defendant.

## ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT ON OR BEFORE AUGUST 21, 2017

    Plaintiff Chad Davis, a state prisoner, is representing himself. He filed a complaint, alleging that the defendant was deliberately indifferent to his serious medical need. Dkt. No. 1. The plaintiff has paid the full filing fee.

    Even when a plaintiff has paid the filing fee, the law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint, or part of it, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may dismiss a claim as frivolous where it is

1

based on an indisputably meritless legal theory, or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint that offers mere "labels and conclusions," however, or a "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because

2

they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. The plaintiff must support legal conclusions by factual allegations. Id. Second, if there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

In his sworn complaint, the plaintiff details very clearly his severe back pain, and his requests for treatment at Kettle Moraine Correctional Institution, Waupun Correctional Institution, and Redgranite Correctional Institution. Dkt. No. 1 at 2-4. The plaintiff alleges that after arriving at Redgranite, he did not receive treatment until his family began calling and complaining about his lack of adequate medical attention. Id. at 3. He asserts that his lower back pain has progressed to his legs, and that his current treatments are not working. Id. at 4. He asked to see a foot specialist on numerous occasions. Id. When the

3

plaintiff finally saw a podiatrist, the doctor prescribed foot injections and soft insoles for the plaintiff's shoes. Id. The plaintiff received the injections, but he was denied the insoles. Id. He also missed his follow-up appointment with the podiatrist. Id. Although the plaintiff received one MRI that revealed "problems with his spine," he received no follow-up and no further MRIs or tests to determine the cause of his severe pain. Id.

The plaintiff's claims implicate his Eighth Amendment right to adequate medical care. See Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011) (quoting Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 828 (7th Cir. 2009) ("The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'"). The only defendant the plaintiff names in the complaint, however, is Lori Doheling, the Health Services director at Redgranite. The plaintiff's complaint does not describe any actions that Doheling did or did not take, and does not refer to her other than to identify and describe her as the defendant.

Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009). For liability to attach, the individual defendant must have caused or participated in a constitutional violation. Hildebrandt v. Illinois Dept. of Natural Resources, 347 F.3d 1014, 1039 (7th Cir. 2003). With regard to supervisors, the personal responsibility requirement is satisfied if the constitutional deprivation occurs at the supervisor's direction or with the

4

supervisor's knowledge and consent. Id. In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Id. (quoting Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)).

The plaintiff's complaint does not state claim of personal involvement by Doheling. If the plaintiff wants to pursue his claims regarding lack of treatment for his severe back pain, he must file an amended complaint describing the treatment he received or did not receive. He also must identify in that amended complaint the names and/or job titles of the people to whom he made requests for treatment. The plaintiff must file his amended complaint on or before **August 21, 2017**. If the court receives an amended complaint from the plaintiff, the court will screen it under 28 U.S.C. § 1915A. If the plaintiff does not file an amended complaint within this time period, the court may dismiss this case.

The amended complaint must bear the docket number assigned to this case, and must be labeled "Amended Complaint." An amended complaint will supersede the prior complaint, and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" Id. at 1057 (citation omitted).

The court **ORDERS** that if the plaintiff wishes to file an amended complaint, he must do so in time for the court to receive it on or before **August 21, 2017**.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that failure to timely file the amended complaint, or any other documents, may result in the court dismissing the case for failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court will send a copy of this order to the warden of the institution where the inmate is confined.

Dated in Milwaukee, Wisconsin this 25th day of July, 2017.

>**BY THE COURT:**
>
>_____
>**HON. PAMELA PEPPER**
>**United States District Judge**