UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHAD DAVIS,

                          Plaintiff,

v.                                            Case No. 17-cv-256-pp

LORI DOHELING,

                          Defendant.

---

**ORDER SCREENING PLAINTIFF'S AMENDED COMPLAINT**

---

In its July 25, 2017 order, the court screened the plaintiff's complaint, and directed him to file an amended complaint because he had not made allegations of personal involvement by defendant Lori Doheling. Dkt. No. 3. The plaintiff filed that amended complaint, which the court now screens under 28 U.S.C. §1915A.

The plaintiff's claims once again implicate his Eighth Amendment right to adequate medical care. See Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011) (quoting Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 828 (7th Cir. 2009) ("The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'"). This time, however, he has provided details regarding Doheling's personal involvement in his medical treatment. Doheling is employed by the Wisconsin Department of Corrections as the Health Services director at Redgranite Correctional Institution. Dkt. No. 4 at 1.

The plaintiff wrote to Doheling on October 19 or 20, 2016, and explained that he was in severe pain and wanted an MRI or an appointment with a podiatrist. Dkt. No. 4 at 3. Doheling responded to the plaintiff's correspondence without examining him. Id. at 3-4. She indicated that she had reviewed his medical records and that there was nothing describing foot problems. Id. at 4.

On March 17, 2017, the plaintiff again wrote to Doheling, indicating that he had seen an off-site specialist who recommended a thicker mattress and specific pain relief medications. Id. The plaintiff told Doheling that he had not received either of the things recommended by the specialist. Id. Doheling informed the plaintiff that the specialist's orders were "mere recommendations," accused him of asking for a thicker mattress, and told him that doctors could not go straight to the recommended pain reliever. Id.

The plaintiff was scheduled for a follow-up appointment with the podiatrist, but he asserts he never was taken to the appointment. Id. He also requested an MRI on numerous occasions and, when an MRI finally revealed problems with the plaintiff's spine, he received no follow-up. Id. The plaintiff's back and leg pain persists, but he has no diagnosis other than complications with his spine. Id. Although the podiatrist recommended soft insoles, the plaintiff still has the previously provided hard insoles. Id.

At this early stage in the litigation, viewing the plaintiff's assertions in the light most favorable to him, the court finds that the plaintiff's amended complaint states an Eighth Amendment claim that Doheling was deliberately indifferent to the plaintiff's serious medical needs.

The court **ORDERS** that, under an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent to the Wisconsin Department of Justice for service on state defendant Lori Doheling.

The court also **ORDERS** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case. Because the clerk will electronically scan and enter on the docket each filing electronically received, the plaintiff need not mail copies to the defendant. The defendant will be served electronically through the court's electronic case filing system. The plaintiff should keep a personal copy of each document he files with the court. The court advises the plaintiff that if he does not file documents by the deadlines

the court (or the rules) set, the court may dismiss his case for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court will send a copy of this order to the warden of the institution where the inmate is confined.

Dated in Milwaukee, Wisconsin this 10th day of October, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**